UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
BINGHAMTON DIVISION

| | | |
|---|---|---|
| LARRY BOSKET | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| NCO FINANCIAL SYSTEMS, INC. | ) | **Jury Trial Demanded** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**NATURE OF ACTION**

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

**PARTIES**

4. Plaintiff, Larry Bosket ("Plaintiff"), is a natural person who at all relevant times resided in the State of New York, County of Tioga, and City of Apalachin.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, NCO Financial Systems, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of

attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with the collection of an alleged debt, Defendant placed no fewer than ninety-six (96) phone calls to Plaintiff's home phone between June 18, 2010 and December 29, 2010.

12. When Plaintiff inquired of Defendant on June 24, 2010 why Defendant was placing so many calls to him despite his just having communicated to Defendant that he had no funds with which to make a payment to Defendant, Defendant responded "you will continue to get a call every day until you settle your debt." (15 U.S.C. 1692d(5)).

13. In connection with the collection of an alleged debt, Defendant, via its

agent and/or employee, "Robert Rivaldi," placed a call to Plaintiff's cellular phone on June 29, 2010 at 2:57 P.M., and at such time, left a voicemail message for Plaintiff in which Defendant failed to notify Plaintiff that the communication was from a debt collector. (15 U.S.C. 1692e(11)).

14. In connection with the collection of an alleged debt, Defendant, via its agent and/or employee, "Mark," placed a call to Plaintiff's cellular phone on July 21, 2010 at 8:19 P.M., and at such time, left a voicemail message for Plaintiff in which Defendant failed to notify Plaintiff that the communication was from a debt collector. (15 U.S.C. 1692e(11)).

15. In connection with the collection of an alleged debt, Defendant, via its agent and/or employee, placed a call to Plaintiff's cellular phone on November 8, 2010 at 11:13 A.M., and at such time, left a voicemail message for Plaintiff in which Defendant failed to disclose the individual caller's identity, failed to disclose the Defendant's true corporate and/or business name, and further failed to notify Plaintiff that the communication was from a debt collector. (15 U.S.C. §§ 1692d(6), 1692e(11)).

16. In connection with the collection of an alleged debt, Defendant, via its agent and/or employee, placed a call to Plaintiff's cellular phone on December 29, 2010 at 2:27 P.M.., and at such time, left a voicemail message for Plaintiff in which Defendant failed to notify Plaintiff that the communication was from a debt collector. (15 U.S.C. § 1692e(11)).

17. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I

18. Plaintiff repeats and re-alleges each and every allegation contained above.

19. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated the FDCPA;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

20. Plaintiff is entitled to and hereby demands a trial by jury.

This 16th day of June, 2011.

ATTORNEYS FOR PLAINTIFF
*Larry Bosket*

Respectfully submitted,

s/Dennis R. Kurz
Dennis R. Kurz
NY Bar No. 4570453
**Weisberg & Meyers, LLC**
Attorneys for Plaintiff
300 International Drive, Suite 100

Williamsville
Buffalo, NY 14221
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com

**Please send correspondence to the address below**

Dennis R. Kurz
NY Bar No. 4570453
**Weisberg & Meyers, LLC**
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012