# EXHIBIT "A"

EXHIBIT "A"

# WEISBERG & MEYERS, LLC
### ATTORNEYS FOR CONSUMERS
(PLEASE DIRECT MAIL TO OUR CORPORATE OFFICE IN PHOENIX)
5025 NORTH CENTRAL AVE, #602
PHOENIX, ARIZONA 85012
WWW.ATTORNEYSFORCONSUMERS.COM
TOLL FREE NATIONWIDE 1-888-595-9111

| | |
|---|---|
| **TEXAS OFFICE**<br>TWO ALLEN CENTER<br>1200 SMITH STREET, 16TH FLOOR<br>HOUSTON, TX 77004 | **NEW YORK OFFICE**<br>80 BROAD<br>5TH FLOOR<br>NEW YORK, NY 10004 |
| EXTENSION: 412<br>E-MAIL: DKURZ@ATTORNEYSFORCONSUMERS.COM | WRITER LICENSED IN:<br>NEW YORK; TEXAS<br>GEORGIA AND NEW JERSEY |

May 11, 2011

NCO Financial Systems, Inc.
c/o Ms. Michelle H. Lyon
Sessions, Fishman & Nathan, LLC
3850 N. Causeway Blvd., Suite 1240
Metarie, LA 70002

      RE:    Mr. Larry Bosket
                197 Long Creed Rd.
                Apalachin NY 13732
                Last Four Numbers of Mr. Bosket's SS#: 0273
                File/Reference Number: Original Account No. 5424180495168871
                Telephone Number Called: 602-625-2071

To Whom It May Concern:

      Please be advised that this office represents the above-named individual regarding claims against your company pursuant to the Federal Fair Debt Collection Practices Act, 15 U.S.C 1692, et seq.and/or State law.

      Having been formally notified of our representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to this office. We reserve the right to seek injunctive relief against you should you fail to honor these directives.

      The purpose of this letter is to advise your company of its violations and to quickly resolve the matter of my client's right to compensation for the same without resort to expensive and unnecessary litigation. Our initial assessment of this matter is that before additional damages accrue, including needless attorney fees, we should work together expeditiously to correct the inequity that occurred in connection with your company's handling of the alleged outstanding debt owed by my client (which we hereby dispute and demand proof of). The violations that have occurred include, but are not limited to:

      1.    Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff. (15 U.S.C. § 1692d(5);

2.  Failing to disclose the caller's individual identity in a telephone call to Plaintiff, and failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiff.. (15 U.S.C. § 1692d(6); and

3.  Failing to notify Plaintiff during each collection contact that the communication was from a debt collector. (15 U.S.C. § 1692e(11).

As you are aware, aside from any client's economic damages, emotional distress damages are actual damages deserving of compensation. Smith v. Law Office of Mitchell N. Kay, 124 B.R. 182, 185 (D. Del. 1990); In re Littles, 75 B.R. 241, 242 (Bankr. E.D. Pa. 1987). You are also aware that my client may be entitled to statutory damages of up to $1,000.00. 15 U.S.C. §§ 1692k(a)(1), (2)(A) and (b)(1). Kobs v. Arrow Service Bureau, Inc., 134 F.3d 893 (7th Cir. 1998); In re Littles, 75 B.R. 241, 242 (Bankr. E.D. Pa. 1987). In addition to the above, the FDCPA also provides for the recovery of attorneys' fees and costs.

I am sure your company can appreciate the need to address this issue with my client and the need to avoid unnecessary litigation. My client, too, appreciates the hardships of protracted litigation. Therefore, we are willing today to settle this matter for $7,500.00, inclusive of fees and costs plus your company's, and its assigns, agreement to cease all collection activities with our client, and remove, correct or prevent any and all trade-line information that appears, had appeared or may appear on any of my client's credit reports. This demand is inclusive of all statutory and actual damages both in the form of emotional distress, economic loss, damage to credit, and attorneys' fees and costs. As I am sure you are aware, decisions from around the country have proven time and again that a substantial award can be obtained should my client have an opportunity to present this case to a jury. See *Belile v Allied Medical Accounts Control Associated Bureaus, Inc.*, 209 B.R. 658 (E.D. Pa. 1997) (Consumer is entitled to actual damages under the FDCPA, PDCTPR and UTPCPL for emotional distress arising from unlawful debt collection practices arising from letter violation); *Crossley v Lieberman*, 90 B.R. 682 (E.D. Pa 1988), aff'd, 868 F.2d 566 (3d. Cir 1989)(actual damages in the form of emotional stress assessed at $1,000 for debt collector's violation of the FDCPA); *In re Littles*, 75 B.R. 241 (E.D. Pa. 1987), aff'd, 90 B.R. 700 (E.D. Pa. 1988); *Southern Siding Company, Inc, v. Raymond*, 703 So.2d 44 (La. App., 1st Cir. 1997)(Actual damages of $5000 and $2000 and $2000 in statutory damages were awarded to husband and wife under the FDCPA for mental and emotional distress in the form of undue stress, anxiety and sleeplessness and physical injury in the form of depression as result of threatening letter); *Venes v. Professional service Bureau*, 353 N.W. 2d 671 (Minn. Ct. App. 1984)($6000 awarded for undue stress as a result of debt collection violations involving harassing telephone calls); *Smith v. Law Offices of Mitchell N. Kay*, 124 B.R. 182 (D. Del. 1991)($3000 for actual damages in the form of emotional distress as a result of FDCPA violation). Moreover, such damages as outlined above, including personal humiliation, embarrassment, sleeplessness, depression and mental anguish or emotional stress need not be proved by expert testimony and can be sustained by the consumer himself. See *Belile, Crossley, Littles, Raymond*.

In conclusion, you are hereby directed to cease and desist all collection activities until the alleged debt is verified. Further, if you choose to ignore this letter seeking settlement, then we will have no choice but to pursue my client's claims in a court of law. Please be advised that if such circumstances should arise,

my demand shall be deemed withdrawn upon the filing of our complaint. Again, we hope that this can be avoided.

                                                  Best regards,

                                                  Dennis R. Kurz
                                                  Attorney at Law

DRK/js

cc: Larry Bosket