UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

LARRY BOSKET,

                              Plaintiff,

      -against-                                                                 3:11-CV-00678 (LEK/DEP)

NCO FINANCIAL SYSTEMS, INC,

                              Defendant.

## **DECISION and ORDER**

**I.     INTRODUCTION**

       Plaintiff Larry Bosket ("Plaintiff") commenced the instant action against Defendant NCO Financial Systems, Inc. ("Defendant") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Presently before the Court is Plaintiff's Motion for attorneys' fees pursuant to 15 U.S.C. § 1692k(a). Dkt. No. 11 ("Motion"). Defendant opposes the motion. Dkt. No. 13 ("Response").

**II.     BACKGROUND**

       On June 16, 2011, Plaintiff commenced the instant action asserting violations of the FDCPA. Dkt. No. 1. On August 1, 2011, Defendant filed an Answer and also served an Offer of Judgment pursuant to Fed. R. Civ. P. 68. Dkt. Nos. 5, 8-1. On August 15, 2011, Plaintiff filed a Notice of acceptance of the Offer of Judgment. Dkt. No. 8. On September 12, 2011, the Court entered Judgment against NCO "for damages in the total amount of $1,500 for damages incurred by plaintiff as a result of NCO's alleged violations of the Fair Debt Collection Practice Act . . . together with plaintiff's reasonable costs and attorneys' fees accrued through the date of service of the Offer of

Judgment, in an amount to be determined by the court." Dkt. No. 10.  On September 26, 2011, Plaintiff filed a Motion for attorneys' fees seeking fees of $5,692.50 and costs in the amount of $425.00.  Mot.  Defendant concedes that Plaintiff is entitled to attorneys' fees, but opposes the request on the ground that the amount claimed is excessive.  See generally Response.

### III. DISCUSSION

#### A. Fees Incurred After Filing the Offer of Judgment

Plaintiff seeks fees incurred in prosecuting this matter, including the instant Motion for attorneys' fees.  See generally Mot.  Defendant argues that, based on the language of the Offer of Judgment and the Judgment entered in this case, Plaintiff may not recover fees incurred after the date of service of the Offer of Judgment.  See generally Response.  Plaintiff responds that, in cases brought under fee-shifting statutes, time spent in litigating a petition for attorneys' fees should be included in the attorneys' fee award.  See Dkt. No. 17 ("Reply") at 4-6.  Plaintiff further argues that the language of the Offer of Judgment does not limit fees to those incurred prior to the date it was served because the word "through" can mean "past or beyond" and any ambiguity in the Offer of Judgment should be interpreted against Defendant, which drafted it.  Id. at 5.

Rule 68 of the Federal Rules of Civil Procedure provides a means of encouraging settlement. Marek v. Chesny, 473 U.S. 1, 6 (1985).  If an offer is made and accepted within the time provided in the Rule, the case is deemed settled and "[t]he clerk must then enter judgment."  FED. R. CIV. P. 68. When a settlement agreement is reached, the parties are bound by its plain terms, notwithstanding the existence of fee-shifting provisions in a statute.  Marek, 473 U.S. 1.  Thus:

> [i]f an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; if the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the

>terms of the Rule to include in its judgment an additional amount which in its discretion . . . it determines to be sufficient to cover the costs.  In either case, however, the offer has allowed judgment to be entered against the defendant both for damages caused by the challenged conduct and for costs.

Marek, 473 U.S. at 6.

Here, the Offer of Judgment accepted by Plaintiff allows him to recover $1,500 in damages plus "an additional amount for Plaintiff's reasonable costs and attorney's fees accrued through the date of service of this Offer of Judgment either: 1) as agreed to by counsel for the parties; or 2) in the event counsel cannot agree, as determined by the Court upon application by Plaintiff's counsel."[1]  Dkt. No. 8-1 ¶ 2.  While Plaintiff correctly argues that the word "through" can sometimes mean "past or beyond" (e.g., as in, you drive through the tunnel or you drive through the night), when read in context of the Offer of Judgment, it is clear that the word means "to and including."  RANDOM HOUSE DICT. OF THE ENGLISH LANGUAGE 1480 (1979); see also Oxford English Dictionary Online, available at http://www.oed.com/view/Entry/201386?rskey=rZFEOW&result=6&isAdvanced=false#eid (accessed September 11, 2012).

This conclusion is supported by the fact that the Offer of Judgment and Judgment speak to reasonable costs and attorney's fees "accrued" through the date of service of the Offer of Judgment.  Dkt. Nos. 8-1, 10.  By using the past tense of the word "accrue," the Offer of Judgment was referencing costs and fees that were incurred as of the date specified in the Offer of Judgment – that is the date it was served.  If the Offer of Judgment intended to include costs and fees beyond that date, it would have required the use of the future tense of the word "accrue" or otherwise not provided a temporal limitation.  Moreover, the Offer of Judgment used this temporally limiting language while expressly

---

[1] The Judgment in this case similarly speaks to "reasonable costs and attorneys' fees accrued through the date of service of the Offer of Judgment."

3

acknowledging that additional attorney time would be involved in either negotiating or litigating the issue of attorneys' fees. Accordingly, the time spent after August 1, 2011 (the date of the Offer of Judgment was served) must be excluded from the award of fees.

### B. Reasonable Fees

The next issue is what amount of fees are appropriate in this case. Under the terms of the Judgment, Plaintiff is entitled to reasonable attorneys' fees. Typically, this is calculated using the lodestar method. Perdue v. Kenny A. ex rel. Winn, 130 S. Ct. 1662 (2010) (expressing a preference for the lodestar method over consideration of the twelve factor test enunciated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974)). Plaintiff contends that he incurred 16.1 hours of attorney time, 4.9 hours of paralegal time, and 4.7 hours of legal assistant time. Mot. at 10. Plaintiff seeks an hourly rate of $335.00/hour for all attorneys except Joe Panvini, for whom he seeks a rate of $175.00/hour. Id. Plaintiff also seeks $135.00/hour for paralegals and $100.00/hour for legal assistants. Id.

Defendant argue that the rates for Plaintiff's attorneys are excessive. Response at 6-9. However, Plaintiff contends that: (1) a nationwide survey reveals that "the average billing rate for consumer law firms with more than five attorneys in New York is $358 per hour;" (2) courts in this District have found rates between $250 and $345 to be reasonable; (3) the rates are supported by research performed by the Department of Justice; and (4) an independent consumer protection attorney (who practices in Illinois and California) has opined that Plaintiff's counsel's rates are reasonable. Mot. at 11-15.

In calculating the lodestar, courts determine a presumptively reasonable fee by multiplying a reasonable hourly rate by the number of hours reasonable expended. Hensley v. Eckerhart, 461 U.S.

4

424, 453 (1983). The presumptive reasonable hourly rate is what a reasonable, paying client would be willing to pay, taking into consideration that paying clients typically wish to spend the minimum necessary to effectively litigate the case. Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Elections, 493 F.3d 110, 112, 118 (2d Cir. 2007). Ordinarily, the relevant rate is the prevailing hourly rate in the community. Id. at 190. "This presumption may be rebutted – albeit only in the unusual case – if the party wishing the district court to use a higher rate demonstrates that his or her retention of an out-of-district attorney was reasonable under the circumstances as they would be reckoned by a client paying the attorney's bill." Id. at 191. The party seeking a higher out-of-district rate "must make a particularized showing, not only that the selection of out-of-district counsel was predicated on experience-based, objective factors, but also of the likelihood that use of in-district counsel would produce a substantially inferior result." Simmons v. New York City Transit Auth., 575 F.3d 170, 176 (2d Cir. 2009).

In this case, Plaintiff submits insufficient evidence concerning the prevailing rate in this community[2] or why it was reasonable under the circumstances to use an out-of-district attorney with a higher rate. There is no indication that there are not local attorneys who are willing and reasonably capable of handling claims under the FDCPA. Similarly, there is no reason to conclude that use of in-district counsel would have produced a substantially inferior result. Because Plaintiff has not met his burden to justify a higher out-of district rate, the Court must use hourly rates that are reasonable in this District.

"[R]ecent . . . Northern District cases have upheld an hourly rate for a partner of between $250 and $345." Jimico Enterprises, Inc. v. Lehigh Gas Corp., No. 1:07-CV-0578, 2011 WL 4594141,

---

[2] Plaintiff lives in Apalachin, New York, which is in Tioga County.

5

at *10 (N.D.N.Y. Sept. 30, 2011) (citations omitted).  Therefore the Court concludes that the $335/hour requested for partners Alex Weisberg and Marshall Meyers is reasonable.  The Court, however, concludes that non-partner – though experienced – attorneys Craig Ehrlich and Dennis Kurz should receive fees at a lower hourly rate than that requested by Plaintiff and awarded for the partners.  See, e.g., id. (assigning different fee schedules to different attorneys depending on experience); Van Echaute v. Law Office of Thomas Landis, Esq., No. 6:09-CV-1071, 2011 WL 1302195, at *4 (N.D.N.Y. Mar. 31, 2011) (same);  Trudeau v. Bockstein, No. 05-CV-1019, 2008 WL 3413903, at *5-6 (N.D.N.Y. Aug.8, 2008) (awarding attorneys' fees at hourly rates of $345, $275, $250, and $190 for local counsel).

Upon thorough review of Attorneys Ehrlich's and Kurz's experience and upon review of recent case law from the District, the Court concludes that $250/hour is a reasonable rate for the other experienced, but non-partner attorneys.[3]  Because the time spent by Attorney Panvini was incurred after August 1, 2011, it is being excluded from Plaintiff's award of attorney's fees, as discussed *supra*.  Accordingly, the Court need not address a reasonable rate for him or whether the time he spent on the fee application was reasonable.

### C. Reasonable Amount of Time

The next issue is whether counsel expended a reasonable amount of time on this case.  The Court will consider only that time up through and including August 1, 2011, which consists of a total of 7.5 hours.  The Court finds that this is a reasonable amount of attorney time necessary to

---

[3] The Court notes that in Van Echaute experienced attorneys were awarded rates of $210/hour and that Defendant cites this case to argue that $210/hour is the rate should apply here. 2011 WL 1302195, at *4.  Based on its extensive review of the supporting materials presented by Plaintiff, however, the Court concludes that a rate of $250/hour is reasonable given Attorneys Ehrlich's and Kurz's experience, prevailing rates in the district, and the work performed.

communicate with the client, review the facts, perform any necessary research, communicate with the adversary, prepare a complaint, and discuss whether to accept the offer of judgment. Accordingly, Plaintiff is entitled to attorneys' fees in the amount of (1.7 hours x $335/hour) + (5.8 hours x $250/hour) = $2,019.50.[4]

Defendant next contends that the billable rate for paralegal time ($135/hour) is excessive. Plaintiff has submitted nothing substantiating a $135/hour billing rate for paralegals. A survey of recent cases reveals that fees have been awarded for paralegal time at rates of $70 to $100 per hour. See Firststorm Partners 2, LLC v. Vassel, No. 10-CV-2356, 2012 WL 3536979, at *3 (E.D.N.Y. Aug. 15, 2012). Accordingly, the Court will award fees for paralegal time at the rate of $80 per hour. See Lee v. City of Syracuse, No. 5:03-CV-1329, 2012 WL 2873533, at *1 (N.D.N.Y. 2012) ("The prevailing hourly rate for a paralegal is $80.") (citation omitted). Excluding time spent by the paralegals after August 1, 2011, Plaintiff is entitled to paralegal fees in the amount of 2.8 hours x $80/hour = $224.00.

As to the costs attributed to the legal assistants, having reviewed the attorneys' statement of services submitted in connection with the Motion for attorneys' fees, based on the type of work performed by the legal assistants the Court agrees with Defendant that the time spent by them is not compensable. These tasks included transcribing voice mail messages, taking care of certain computer-related tasks, and other non-compensable administrative tasks. Knoeffler v. Town of Mamakating, 126 F. Supp. 2d 305, 317 (S.D.N.Y. 2000) ("The courts in this district are in agreement that filing, delivery, service of papers and other similar administrative tasks are not usually considered recoverable

---

[4] Composed of: (1) one hour for Marshall Meyers; (2) 0.7 hours for Alex Weisberg; (3) 2.7 hours for Craig Ehrlich; and (4) 3.1 hours for Dennis Kurz.

expenditures of time for attorneys' fees.") (internal quotations, citation, and alteration omitted); Creighton v. Dominican College, No. C09-3983Z, 2011 WL 4914724, at *7 (S.D.N.Y. Aug. 16, 2011) ("Clerical tasks are usually not considered recoverable expenditures of time for attorneys' fees."). Accordingly, the 4.7 hours of legal assistant time is excluded.

### IV.     CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant shall pay Plaintiff attorneys' fees in the total amount of $2,243.50 and costs in the total amount of $425.00,[5] for a total award of $2,668.50; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action.

**IT IS SO ORDERED**.

DATED:   September 17, 2012
         Albany, New York

_Lawrence E. Kahn_
U.S. District Judge

---

[5] To the extent that Defendant may have already compensated Plaintiff for costs, see Dkt. No. 19, the Court notes that the award of $425.00 would become moot, making the total award from this Decision and Order $2,243.50.